Paul N. Tranel
Brandon R. Shannon
BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana  59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email:  mail@bebtlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

---

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | Cause No. CV- 21-74-GF-BMM |
| Plaintiff, | The Hon. _____ |
| -vs.- | |
| MOUNTAIN HIGH LIFE MANAGEMENT LLC, RON KLEINSASSER, JENNIFER KLEINSASSER, and CRYSTAL RIVER INVESTMENTS LLC dba CRYSTAL RIVER LUXURY HOME MANAGEMENT, | **PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF** |
| Defendants. | |

---

Plaintiff Atain Specialty Insurance Company ("Atain") brings this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, against Defendants, Mountain High Life Management LLC ("MHLM"), Ron Kleinsasser, Jennifer Kleinsasser (collectively the "Kleinsassers"), and Crystal River Investments LLC dba Crystal River Luxury Home Management ("Crystal River"), alleging as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage action for declaratory relief under 28 U.S.C. § 2201 in which Atain seeks a declaratory judgment that: (1) Atain has no duty to defend or indemnify MHLM and the Kleinsassers in a lawsuit brought against them by Crystal River under an insurance policy issued by Atain; and (2) that Atain may recoup from MHLM and the Kleinsassers defense fees, costs, and settlement or indemnity sums expended in their defense.

2. A declaratory judgment is appropriate because MHLM and the Kleinsassers tendered the underlying lawsuit to Atain for defense and indemnity. Atain is providing a defense subject to a full reservation of rights.

## THE PARTIES

3. Atain is a corporation organized under the laws of Michigan with its principal place of business in Michigan.

4. Upon information and belief, MHLM is a Limited Liability Company organized under the laws of Montana and has its principal place of business in Montana. Each member is a citizen of Montana.

5. Upon information and belief, the Kleinsassers are citizens of Gallatin County, Montana.

6. Upon information and belief, Crystal River is a Limited Liability Company organized under the laws of Montana and has its principal place of business in Montana. Each member is a citizen of Montana.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy is $1,000,000.00, which is the liability limit of the Atain Policy at issue, exclusive of fees and costs.

8. This Court has personal jurisdiction over MHLM because it is organized under the laws of Montana and has its principal place of business in Montana.

9. This Court has personal jurisdiction over the Kleinsassers because they reside in Montana.

10. This Court has personal jurisdiction over Crystal River because it is organized under the laws of Montana and has its principal place of business in Montana.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred within the District of Montana.

12. Venue is proper in the Butte Division of this Court pursuant to Local Rule of Procedure 3.2(b) because Gallatin County is the location of the loss and where a judgment would be obtained in the underlying lawsuit.

## FACTS

### *The Underlying Lawsuit*

13. Crystal River filed the underlying lawsuit against MHLM and the Kleinsassers in Montana's Eighteenth Judicial District Court, Gallatin Country, Cause No. DV-21-195A.

14. The complaint in that lawsuit (the "Underlying Complaint") generally alleges that the Kleinsassers left employment with Crystal River and immediately established MHLM to compete with Crystal River, stealing clients and intellectual property.

15. The Underlying Complaint alleges the following facts:

a. Crystal River is a property management company that manages high-end luxury properties in Gallatin County.

b. Ron Kleinsasser ("Ron") was a member and part-owner in Crystal River Investments. Jennifer Kleinsasser ("Jennifer") is Ron's wife and she also performed services for Crystal River.

c. In 2019, Ron started changing his behavior towards Crystal River and avoided meetings with them. He made a large number of unapproved credit card purchases and failed to execute Residential Services Agreements between Crystal River and its clients. Ron submitted hours for Jennifer without official time sheets.

d. On November 25, 2019, the Kleinsassers registered MHLM with the Montana Secretary of State.

e. During a meeting on January 21, 2020, Ron submitted his "two-week notice" to Crystal River. Ron provided a proposed letter during this meeting advising clients of his resignation, but provided clients with Ron's own phone number. By this date, Ron was recruiting Crystal River

clients to become his own, he was recruiting Crystal River employees for his own, and had decided to compete directly with Crystal River. During the January 21, 2020 meeting, Ron stated he was not going to continue working in the property management business.

f. Beginning on January 21, 2020, Crystal River started receiving emails from clients advising they were terminating Crystal River's services and continuing forward with Ron's new business.

g. On January 24, 2020, Crystal River emailed Ron to advise there were several steps that must be completed by February 3, 2020 in response to Ron's two-week notice. This included notice of a "Members Meeting" scheduled for February 3, 2020. Ron was also asked to return his client list, his smart phone, and other technology belonging to Crystal River.

h. Ron returned the smart phone to Crystal River on January 31, 2020, but the phone was decommissioned and wiped of all texts, emails and phone numbers. Email access on the computer Ron returned was restricted to Ron only.

      I.      On February 3, 2020, Crystal River received additional emails from clients advising they were cancelling their service contracts with Crystal River.  Crystal River alleges that Jennifer worked with Ron to collect and use, without permission, Crystal River's intellectual property, business goodwill, and clients to their own benefit and that of MHLM.

16.    The Underlying Complaint alleges six causes of action:

    a.    Count One of the Underlying Complaint sets forth a cause of action for Tortious Interference with Business Prospective.  It is alleged Ron and Jennifer acted with an unlawful purpose calculated to cause damage or loss without right or justifiable cause on their part.

    b.    Count Two sets forth a cause of action for Wrongful Dissociation.  This alleges that Ron did not follow the required statutory and/or contractual steps to dissociate from Crystal River, causing damages.

    c.    Count Three is a claim for punitive damages, alleging that Ron and Jennifer intentionally acquired Crystal River's clients, client lists, employees, technology, intellectual

          property, and trade secrets with the purpose of creating a competing business.

    d.    Count Four is a claim for breach of contract. This count alleges Ron had valid contracts with Crystal River and acted in contravention of the express terms of the contracts.

    e.    Count Five is a claim for breach of the covenant of good faith and fair dealing. This count alleges Ron was dishonest in his dealings with Crystal River.

    f.    Count Six is a claim for civil conspiracy. This count alleges that Ron, Jennifer, and MHLM acted together in starting the new business and in taking Crystal River's clients and employees in order to start the new business venture.

17.    The Underlying Complaint demands judgment against the Kleinsassers and MHLM for actual damages and punitive damages.

18.    The Kleinsassers and MHLM tendered the Underlying Complaint to Atain for defense and indemnity on or about April 1, 2020.

19.    Atain accepted the tender and pursuant to correspondence dated June 9, 2021, is defending under a full reservation of rights, including the right to recoup all defense fees and costs.

20. Atain has incurred, and will continue to incur, defense costs.

## *The Atain Policy*

21. Atain issued Policy No. PLS03304 (the "Policy") to named insured MHLM for the period of February 13, 2020 to February 13, 2021. The Policy was renewed for the period February 13, 2021 to February 13, 2022.

22. The Policy provides Professional Liability coverage with a $1,000,000.00 limit.

23. The Professional Liability Coverage Form is a "claims-made policy" that provides coverage for a "Wrongful Act." "Wrongful Act" is defined as "any actual or alleged error, omission or negligent act committed solely in the rendering of or failure to render **Professional Services** by an **Insured** or any person, including an independent contractor acting on the behalf of the **Named Insured** or **Subsidiary**, for whom the **Insured** is legally liable in the rendering of **Professional Services**." Professional Services is defined as "services rendered to others for a fee solely in the conduct of the insured's profession as stated under the Business Description of the Common Policy Declarations . . . ." The insured's profession as stated under the Business Description of the Policy's declarations is "Property Manager."

24. The allegations of the Underlying Complaint do not trigger coverage because they do not meet the definition of a wrongful act. Specifically, the allegations do not involve the rendering of professional services as property managers.

25. Further, even if coverage is triggered, several exclusions apply to limit or bar coverage.

26. The Policy provides for payment of "Claims Expense" for intentional acts, but does not include indemnity coverage for such claims.

27. The allegations in the Underlying Complaint are all based on intentional acts.

28. The Policy excludes coverage for any claim "which any insured had knowledge or could have reasonably foreseen, at the signing date of the application for this insurance."

29. The Underlying Complaint alleges conduct from November 2019 through early 2020 which Kleinsassers and MHLM could have reasonably foreseen would result in a claim at the time they signed the Atain application.

30. The Policy expressly excludes coverage for punitive damages.

## COUNT 1: DECLARATORY JUDGMENT

31.   Atain realleges and incorporates each of the preceding paragraphs as though fully set forth herein.

32.   Atain has no duty, and has never had any duty, to defend or indemnify the Kleinsassers and MHLM from the allegations of the Underlying Complaint.

33.   Atain is entitled to recoup from the Kleinsassers and MHLM defense fees and costs, including attorneys' fees, expert witness fees, and other costs, as well as any settlement or indemnity funds, which Atain has expended on the Kleinsassers and MHLM's behalf related to the defense of the Underlying Complaint.

WHEREFORE, Atain requests this Court enter Judgment against Defendants as follows:

A.   Declaring that Atain does not owe and has never owed a duty to defend or indemnify the Kleinsassers and MHLM in relation to the claims made in the Underlying Complaint;

B.   Ordering the Kleinsassers and MHLM to reimburse Atain for sums paid in defense, settlement, or indemnity of the claims made in the Underlying Complaint;

C. Ordering that Crystal River may not collect any judgment, settlement, or indemnification on the claims in the Underlying Complaint from the Atain Policy at issue; and

D. The Court should provide further relief as the Court deems necessary.

DATED this 1st day of October, 2021.

      /s/ Paul N. Tranel
Paul N. Tranel
BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.
*Attorneys for Plaintiff*